ON SUPERVISORY WRITS TO THE FIRST JUDICIAL DISTRICT COURT, PARISH OF CADDO
PER CURIAM:
| ] Denied. Relator fails to show he received ineffective assistance of counsel under the standard of Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). In addition, relator’s challenge to the sufficiency of the evidence is repetitive. La.C.Cr.P. art. 930.4. See also State v. Gay, 48,832 (La. App. 2 Cir. 2/26/14), 136 So.3d 919, writ denied, 14-0605 (La. 10/24/14), 151 So.3d 600. Finally, relator does not show that a stay of the matter is required, and thus his motion to stay these proceedings is likewise denied. We attach hereto and make a part hereof the district court’s written reasons denying relief.
Relator has now fully litigated his application for post-conviction relief in state court. Similar to federal habeas relief, see 28 U.S.C. § 2244, Louisiana post-conviction procedure envisions the filing of a second or successive application only under the narrow circumstances provided in La.C.Cr.P. art. 930.4 and within the limitations period as set out in La.C.Cr.P. art. 930.8. Notably, the Legislature in 2013 La. Acts 251 amended La.C.Cr.P. art. 930.4 to make the procedural bars against successive filings mandatory. Relator’s claims have now been fully litigated in state collateral proceedings in accord with La. C.Cr.P. art. 930.6, and 12this denial is final. Hereafter, unless he can show that one of the narrow exceptions authorizing the filing of a successive application applies, relator has exhausted his right to state collateral review. The district court is ordered to record a minute entry consistent with this per curiam.
Johnson, C.J. n.s.
UAttachment
*1252 [[Image here]]
*1253 [[Image here]]
*1254 [[Image here]]
*1255 [[Image here]]
*1256 [[Image here]]